UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RICHARD WILLIAM MEXICO,

                Plaintiff,                      Case No. 2:13-cv-1

v.                                     Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Court will dismiss Plaintiff's complaint on immunity grounds and/or for failure to state a claim against Defendants Michigan Department of Corrections, Price and Zaller. The Court will also dismiss all of Plaintiff's claims against Defendant Warzak except for his

Eighth Amendment failure-to-protect claim.  The Court will serve Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Warzak.

## Factual Allegations

Plaintiff presently is incarcerated at the Ojibway Correctional Facility but complains of events that occurred at the Alger Maximum Correctional Facility (LMF).  In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections (MDOC) and LMF Sergeants Unknown Price, Unknown Warzak and Unknown Zaller.

On December 22, 2012, Plaintiff was brought to segregation by Sergeant Price for allegedly possessing a knife.  Plaintiff claims that the knife was owned by his cell mate.  Plaintiff, however, never received a Notice of Intent (NOI) to classify him to segregation for possessing a weapon by Sergeant Price.  Instead, Plaintiff received a misconduct ticket for a different reason.

At 1:00 p.m. on December 22, 2012, Plaintiff states that Sergeant Price came to his cell, kicked his cell door and said "I'm gonna show you what its like to be set up, when 'we' get done with you[,] you'll be maxing out from the box and if you make it back to [general population,] I'll have some thing waiting for you." (Compl., docket #1, Page ID#30.)  At 7:46 p.m. on December 22, Sergeant Warzak apparently witnessed Plaintiff kicking his cell door and shouting "[t]ell [] Sgt Price [I'm] going to fuck him up when I get out of here."  (*Id.*)  Sergeant Warzak then issued Plaintiff a "destruction misuse/threatening behavior" misconduct ticket.  (*Id.*) Later that night, Sergeant Parkkila reviewed Sergeant Warzak's misconduct ticket against Plaintiff.  Plaintiff states that Sergeant Price put Warzak up to the misconduct because Plaintiff would not be found guilty on the possessing a weapon misconduct.  Because of the threatening behavior misconduct, Plaintiff states that his parole will be denied.

On December 24, 2012, Plaintiff was allowed to take a shower.  Plaintiff alleges that on the way to the shower, Sergeant Warzak told prisoners in the surrounding cells that Plaintiff was a rat and set up his cell mate to take the fall for possessing a knife.  As a result, Plaintiff claims that other prisoners have harassed him and would tell other prisoners during yard that he is a rat.

On December 27, 2012, Sergeant Price and another officer shook down Plaintiff's cell and took Plaintiff's original misconduct ticket.[1]  Plaintiff eventually received a copy of his ticket back from Sergeant Zaller.  On the ticket, Plaintiff noticed that the review date and hearing date for the misconduct had been changed.

On December 28, 2012, Plaintiff states that Sergeant Warzak told Plaintiff that Warzak's misconduct ticket was dropped and "it was a bullshit ticket I wrote [be]cause you set your bunkie up."  (Compl., Page ID#31.)  Later that day, Warzak released Plaintiff from segregation and told Plaintiff to watch his back.

Plaintiff does not reference any constitutional provision in his complaint.  Reading Plaintiff's complaint liberally, however, he appears to allege that Defendants violated his due process rights for filing false misconduct tickets, which, in turn, may contribute to a future denial of his parole.  *See Haines*, 404 U.S. at 520.  Plaintiff also claims that Defendants Price and Warzak verbally harassed him and filed false misconduct tickets against him in violation of his Eighth Amendment rights.  Finally, Plaintiff seems to allege that Defendant Warzak violated his Eighth Amendment rights by failing to protect him from the harassment of other prisoners.  *See id.*

---

[1]Although not entirely clear from Plaintiff's complaint, it appears that the officers removed Sergeant Warzak's threatening behavior misconduct ticket.

For relief, Plaintiff requests "award[ed] min[imum] of $50,000 and or [] parole, ticket dismissed and transferred out of here for safety reasons." (Compl., Page ID#5.)

## Discussion

I.     Immunity

Plaintiff may not maintain a § 1983 action against the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).  In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the Court dismisses the Michigan Department of Corrections.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr.*

- 5 -

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Due Process Clause - Misconduct Tickets

Plaintiff claims that he received false misconduct tickets for possessing a weapon and threatening behavior.   He also argues that the review date and hearing date on his threatening behavior misconduct ticket were altered.   A prisoner's ability to challenge prison misconduct convictions depends on whether the convictions implicated any liberty interest.   In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior.   The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.  But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior.  Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest."  But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

- 6 -

From his complaint, it is not entirely clear that Plaintiff was convicted of either of his misconduct tickets. Even if he was convicted of one or both of his misconduct tickets, a major misconduct conviction does not result in any loss of good-time credits. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[2] for prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that the loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not identified any significant deprivation arising from a misconduct conviction. Unless a prison

---

[2]For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Accordingly, Plaintiff's due process claim fails to state a claim.

B.      **Due Process Clause - Parole**

Plaintiff alleges that his misconduct tickets will affect his parole eligibility.   To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006).  Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole.  In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011).  In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does

not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his 15-year maximum sentence, he has no reasonable expectation of liberty.[3] The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

### C.    Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). With respect to prison conditions, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions

---

[3]The Court obtained information regarding Plaintiff's convictions and sentences from the MDOC Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=240192.

- 9 -

intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.1.

### 1. Verbal Harassment

Plaintiff asserts that Defendants Price and Warzak verbally threatened him on December 22, 2012. Verbal abuse and harassment, although unprofessional and deplorable, do not rise to constitutional dimensions. *See id.* at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Davis v. Miron*, No. 12–1238, 2012 WL 5200374, at *1 (6th Cir. Oct. 23, 2012) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (same); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."). Thus, Defendants Price and Warzak's statements do not rise to an Eighth Amendment claim.

### 2. Misconduct Tickets

Plaintiff alleges that Defendants filed fabricated misconduct tickets against him. However, the Sixth Circuit has held that the filing of a false misconduct report does not constitute

punishment under the Eighth Amendment. *See Williams v. Reynolds*, 198 F.3d 248 (6th Cir. 1999) (unpublished table decision) ("neither verbal harassment or threats nor the filing of a false misconduct report constitute punishment within the context of the Eighth Amendment") (citing *Ivey*, 832 F.2d at 955, and *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001) (a prisoner's claim that he was punished on the basis of a false misconduct report fails to state an Eighth Amendment claim). Plaintiff therefore fails to state an Eighth Amendment claim for the false misconduct reports.

3.    Failure to Protect

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to warrant service of an Eighth Amendment failure-to-protect claim against Defendant Warzak.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections, Price and Zaller will be dismissed on immunity grounds and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss all of Plaintiff's claims against Defendant Warzak except for Plaintiff's Eighth Amendment failure-to-protect claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Warzak.

An Order consistent with this Opinion will be entered.


Date:    February 5, 2013                          /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE